```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON
```

LAUREN F. PATRICK,                              Civ. No. 05-6232-HO

        Plaintiff,                        ORDER

    v.

Commissioner of Social Security,

        Defendant.

    Plaintiff seeks judicial review of the decision of the Commissioner denying his application for disability insurance benefits.  Plaintiff contends that the administrative law judge (ALJ) erred by rejecting his testimony and the opinions of his treating physician and nonexamining physicians.  For the reasons explained below, the decision of the Commissioner is affirmed.

Discussion

    The ALJ permissibly rejected Dr. Jones' May 2004 opinion that plaintiff has not been capable of sedentary work up to and including December 31, 2000.  The ALJ accurately noted that the opinion is contradicted by multiple opinions rendered by Dr.

Jones before and after December 31, 2000 indicating that plaintiff could perform modified sedentary work or work requiring greater exertion. (Tr. 19, 512-13, 515, 517, 518). The ALJ's interpretation of Dr. Jones's conflicting opinions is supported by substantial evidence included in his factual findings, including evidence that plaintiff appeared to work at substantial levels as a truck driver after his alleged onset date, and worked on his son-in-law's fishing barge during a vacation to Alaska in July 2003. (Tr. 15, 69, 117, 421). The ALJ appropriately resolved the conflict in various opinions of Dr. Jones. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

The ALJ properly credited the treating physician's opinion that plaintiff can perform heavy lifting over the opinions of nonexamining physicians that plaintiff can lift only ten pounds. (Tr. 21-22, 319, 368, 381). The opinion of the treating physician is entitled to greater weight. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).

Plaintiff contends the ALJ did not specifically address his testimony that he must elevate his feet frequently throughout the day prior to his date last insured. Pl's Memo. at 14. Plaintiff actually testified that since he stopped working, he spends two to three hours of an eight-hour period reclining. (Tr. 556). The ALJ documented this testimony, (Tr. 15), and stated clear and convincing reasons supported by substantial evidence to find

plaintiff's statements not entirely credible (Tr. 16).  See Lester, 81 F.3d at 834.

As noted by the ALJ, Dr. Jones released plaintiff to work before and after the date last insured (Tr. 16-19, 512-13, 515, 517, 518), plaintiff reported riding his bike 20 to 40 miles on weekends after the alleged onset date (Tr. 20, 183, 217), Dr. Glass reported that plaintiff commented that his activity coaching an adult baseball team is a lot like a second job (Tr. 20, 183), plaintiff testified that beginning in 1995 he has attended approximately three baseball games a season and that he drives his mother to the store or to appointments approximately once per week (Tr. 19-20, 527, 553), and a medical report from Dr. Alexander indicates plaintiff worked on a fishing barge while on vacation in July 2003 (Tr. 421).

Plaintiff testified that since 1995, other than going to approximately three games per season, he has devoted only fifteen minutes per week to keeping statistics for the baseball league. (Tr. 551-53).  He further testified that rather than work on a fishing barge, he rode along for two eight-hour voyages on a 60-foot landing craft used as a freighter in order that his son-in-law would not have to hire a deck hand, and that he spent "basically" the whole time laying in the captain's bunk.  (Tr. 548).  The ALJ was not required to accept these explanations, but could instead infer from the reports of Drs. Glass and Alexander

that plaintiff reported activities inconsistent with findings of disability.  The ALJ properly considered that plaintiff's allegations are in conflict with most of Dr. Jones's reports and evidence of plaintiff's activities, and that there are inconsistencies between plaintiff's testimony and his reports to medical sources.  See Thomas, 278 F.3d at 958.

Regarding the challenged rulings, the ALJ applied the correct legal standards and his findings are supported by inferences reasonably drawn from the record.  See Batson v. Commissioner, 359 F.3d 1190, 1193 (9th Cir. 2004).

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this   28th   day of July, 2006.

  s/ Michael R. Hogan
United States District Judge